**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**ROBERT C. EZEANI,**

**Plaintiff,**

**v.**

**SCOTT OSTROM, MATTHEW COPELAND, JAMES K. HELLING, and FLEMING,**

**Defendants.**

**Civil No. 01-391(PAM/SRN)**

**ORDER TO SHOW CAUSE AND REPORT AND RECOMMENDATION**

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Plaintiff Robert C. Ezeani's motions for entry of default judgment against Defendants Scott Ostrom, Matthew Copeland, James K. Helling, and Fleming (sic). (Doc. Nos 11 and 12). These motions have been assigned to this Court in accordance with Title 28 United States Code Section 636(b)(1)(A) and Local Rule 72.1(b).

Plaintiff Robert C. Ezeani is pro se. On March 2, 2001, he commenced this lawsuit with the filing of a Complaint with the Clerk of Court. (Doc. No. 1). Mr. Ezeani paid the $ 150.00 filing fee at the time of filing, and thus he was and is responsible for arranging proper service of the Summons

FILED OCT 0 2 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

and Complaint on all of the named Defendants in this matter. See Rule 4, Federal Rules of Civil Procedure. Upon filing of his Complaint on March 2, 2001, Mr. Ezeani presented to the Clerk of Court for the United States District Court for the District of Minnesota, four Summons for signature and seal (Doc. Nos. 2-5).

Thereafter, on March 3, 2001, Mr. Ezeani attempted to serve, via Certified Mail, the Summons and Complaint on all Defendants. See Docket Nos. 2-10. However, as of the date of this Order, none of the Defendants have answered Mr. Ezeani's Complaint, and more than one hundred and twenty days have passed since the Complaint was filed.

The Court finds that proper service has not been effected on the named Defendants because Mr. Ezeani has not provided satisfactory proof of service, as required by Fed. R. Civ. P. 4(l). First, Mr. Ezeani has addressed the Summons to the Defendants' apparent places of business. While Mr. Ezeani has attached photocopies of Certified Mail Receipts, (see attachments to Doc. Nos. 2-5), he has provided only two signed Return Receipts, and those are addressed to Matthew Copeland and Scott Ostrom (Doc. No. 6). However, there is simply no indication of the connection between Messrs. Copeland and Ostrom and Jo Ann Beyer, the person who signed the two Return Receipts of record in this case. Id. The addresses for Messrs. Copeland and Ostrom are both listed as Rainbow Foods, 1104 Lagoon Avenue, Minneapolis, MN 55408, and although Jo Ann Beyer signed for the deliveries, she did not place a check

mark in either of the small boxes next to the signature line indicating that she is either the Addressee or an Agent. Id.

The Court, therefore, cannot find that the Return Receipts relative to Defendants Copeland and Ostrom represent satisfactory evidence that the delivery to Defendants Copeland and Ostrom was accomplished. See Fed. R. Civ. P. 4(l). And, the Court notes the distinct absence of any sort of proof of service upon Defendants Helling and Fleming.

Pursuant to the provisions of Fed. R. Civ. P. 4(m), within twenty (20) days of the date of this Order, Plaintiff Robert Ezeani is directed to show good cause, in writing, for an extension of time in which service of the Summons and Complaint can be effectuated. In the absence of good cause shown, the Court will recommend that this action be dismissed for failure to effect proper service upon the Defendants, and for failure of prosecution.

Accordingly, because the Court is not satisfied that service has been effectuated, entry of default judgment is not appropriate at this time. Plaintiff Ezeani's motions for entry of judgment and for entry of default judgment against the Defendants (Doc. Nos. 11 and 12) should be denied without prejudice.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1) Plaintiff Robert Ezeani is directed to show good cause, in

writing, within twenty (20) days of the date of this Order – i.e., no later than October 22, 2001 -- why he has failed to effect proper service of a Summons and Complaint upon the Defendants, and why he should be given an extension of time in which proper service can be effectuated. In the absence of good cause shown, the Court will recommend that this action be dismissed for failure to effect proper service and for failure of prosecution.

**IT IS HEREBY RECOMMENDED that**:

1) Plaintiff's Motions for Entry of Judgment (Doc. No. 11), and for Default Judgment (Doc. No. 12) be **DENIED WITHOUT PREJUDICE**.

Dated: October 2, 2001.

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D.Minn. Local Rule 72.1(c)(2), any party may object to this Report and Recommendation within 10 days after being served with a copy. The objecting party shall file with the Clerk of Court, and serve on all parties, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.