**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**ROBERT C. EZEANI,**

**Plaintiff,**

**v.**

**SCOTT OSTROM,**
**MATTHEW COPELAND,**
**JAMES K. HELLING, and**
**FLEMING,**

**Defendants.**

**Civil No. 01-391(PAM/SRN)**

**REPORT AND RECOMMENDATION**

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court upon routine docket management, having been referred to this Court in accordance with Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 72.1(b).

On October 2, 2001, pursuant to the provisions of Fed. R. Civ. P. 4(m), this Court issued an Order directing Plaintiff Robert C. Ezeani to show good cause, in writing, why he should be granted an extension of time in which to effectuate proper service of the Summons and Complaint. See Docket No. 14. Noting that Mr. Ezeani, who is pro se, commenced this lawsuit on March 2, 2001, with the filing of a Complaint with the Clerk of Court for the United

FILED JAN 04 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

States District Court for the District of Minnesota. (Doc. No. 1). Mr. Ezeani paid the $ 150.00 filing fee at the time of filing, and thus he was, at all times, responsible for arranging proper service of the Summons and Complaint on all of the Defendants named in this matter. See Rule 4, Federal Rules of Civil Procedure.

As stated in the Court's October 2, 2001, Order, Mr. Ezeani did present to the Clerk of Court, four Summons for signature and seal on March 2, 2001. See Doc. Nos. 2-5. Then, on March 3, 2001, Mr. Ezeani attempted to serve, via Certified Mail, the Summons and Complaint on all Defendants. See Docket Nos. 2-10. However, as of October 2, 2001, none of the Defendants had answered Mr. Ezeani's Complaint, and more than one hundred and twenty days had passed since the Complaint was filed.

Consequently, the Court found that proper service had not been effected on the named Defendants because Mr. Ezeani had not provided satisfactory proof of service, as required by Fed. R. Civ. P. 4(l). See the October 2, 2001, Order. The reasons for this finding were explained as follows:

> First, Mr. Ezeani has addressed the Summons to the Defendants' apparent places of business. While Mr. Ezeani has attached photocopies of Certified Mail Receipts, (see attachments to Doc. Nos. 2-5), he has provided only two signed Return Receipts, and those are addressed to Matthew Copeland and Scott Ostrom (Doc. No. 6). However, there is simply no indication of the connection between Messrs. Copeland and Ostrom and Jo Ann Beyer, the person who signed the two Return Receipts of record in this case. Id. The addresses for Messrs. Copeland and Ostrom are both

> listed as Rainbow Foods, 1104 Lagoon Avenue, Minneapolis, MN 55408, and although Jo Ann Beyer signed for the deliveries, she did not place a check mark in either of the small boxes next to the signature line indicating that she is either the Addressee or an Agent. Id.
>
> The Court, therefore, cannot find that the Return Receipts relative to Defendants Copeland and Ostrom represent satisfactory evidence that the delivery to Defendants Copeland and Ostrom was accomplished. See Fed. R. Civ. P. 4(l). And, the Court notes the distinct absence of any sort of proof of service upon Defendants Helling and Fleming.

Order of October 2, 2001, at pp. 2-3.

The Order provided that Mr. Ezeani should respond, in writing, within twenty days of October 2, 2001, setting forth good cause why an extension of time to effectuate proper service should be granted. Id. at pp. 3-4. The Order explained to Mr. Ezeani that, in the absence of good cause shown, the Court will recommend that this action be dismissed for failure to effect proper service upon the Defendants, and for failure of prosecution. See October 2, 2001, Order to Show Cause.

As of the date of this Report and Recommendation, Mr. Ezeani has failed to respond, in any manner, in an effort to comply with the mandates of the October 2, 2001, Order to Show Cause. Accordingly, pursuant to Fed. R. Civ. P. 41(b), the Court recommends that this action be dismissed for failure to prosecute.

Based on the foregoing, and all the files, records and proceedings

herein,

**IT IS HEREBY RECOMMENDED** that:

1) This action be dismissed, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

Dated: January 4, 2002.

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

Under D.Minn. Local Rule 72.1(c)(2), any party may object to this Report and Recommendation within 10 days after being served with a copy. The objecting party shall file with the Clerk of Court, and serve on all parties, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.